UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK EUGENE CULLINS,

    Petitioner,

v.                                                 Case No. 4:20cv115-AW-HTC

WAKULLA CORRECTIONAL INSTITUTION,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Derrick Cullins, filed a document entitled "Civil Complaint; For Illegal Arrest," which the clerk docketed as a petition under 28 U.S.C. § 2254.[1] ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons which follow, the undersigned respectfully recommends that this case be dismissed without prejudice for failure to prosecute and failure to comply with orders of the Court.

Cullins's petition was not accompanied by a motion for leave to proceed *in forma pauperis* or a filing fee pursuant to Rule 5.3 of the Local Rules of the Northern

---

[1] Although this matter was docketed as a § 2254 petition, it is unclear to the Court what Petitioner is seeking. Petitioner, for example, does not identify the underlying conviction at issue, but instead claims he is entitled "to inspect the validity of certificates pertaining to holding me."

District of Florida, so the Court entered an order on March 9, 2020 directing him to pay the filing fee or attempt to establish his indigency by filing an application to proceed *in forma pauperis* on the form provided by the clerk. ECF Doc. 3. Cullins failed to respond in any way to that order, and so the Court on April 20, 2020 entered an order giving Plaintiff **fourteen (14) days** to show cause why this case should not be recommended for dismissal for failure to prosecute or comply with an order of the Court. ECF Doc. 4. Petitioner was warned that "failure to comply with this order as instructed may result in a recommendation that this case be dismissed." *Id.*

Rather than respond in compliance with the Court's orders, Petitioner delivered to prison mail officials on April 22, 2020 a nonsensical "Motion for 'Formal Notification' of Last Submittal," "demanding that all notification: pertaining to this matter, and, past of such, be presented to me in a formal manner. That is every instance a submittal is issued for delivery, it be issued in a formal manner and, in accordance to the first part of Fla. Probate Statute." ECF Doc. 5 at 1. The undersigned denied the motion as frivolous on April 28, 2020 and reminded Cullins that "failure to respond to the pending Show-Cause Order by May 4, 2020, may result in a recommendation of dismissal of this action without further notice." ECF Doc. 6.

The May 4 deadline has come and gone, and Cullins has not complied with the Court's March 9 order to pay the filing fee or file a motion to proceed *in forma*

*pauperis* and has not complied with the Court's show cause order of April 20. As such, almost three months have passed since this case was filed without Cullins paying the filing fee or moving to proceed *in forma pauperis*, either of which he was supposed to do "simultaneously" with filing the petition. *See* N.D. Fla. Loc. R. 5.3.

Accordingly, it is respectfully RECOMMENDED, that:

1. The petition be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of May, 2020.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:20cv115-AW-HTC